UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MOULD,

      Plaintiff,

v.                                CASE NO. 8:08-cv-1677-T-23TBM

FOCUS RECEIVABLES
MANAGEMENT, LLC,

      Defendant.

_____/

**ORDER**

Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, the defendant moves

(Doc. 3) to dismiss the complaint for lack of personal jurisdiction, and the plaintiff

responds (Doc. 5) in opposition.  The defendant, a debt collection agency with its principal

place of business in Marietta, Georgia, contends that exercising personal jurisdiction over

the defendant for the claims asserted is inconsistent with both Section 48.193(1), Florida

Statutes, and the Due Process Clause of the Fourteenth Amendment because, as

evidenced by a September 33, 2008, affidavit of Steven R. Koepke (Doc. 4-2), (a) "all

telephone calls placed from Focus Receivables, LLC to Mr. Mould originated out of [the

defendant's] Marietta, Georgia call center to a telephone number located in Tennessee,"

and (b) "Mr. Mould's account was never worked in its Tampa, Florida office, therefore no

calls were made from that location."   However, the defendant concedes that the

defendant holds a consumer collection license in Florida and maintains a branch office in

Hillsborough County, Florida,[1] and the defendant provides no reason to doubt the

_____

[1] See also Doc. 3 at 4 n.1 ("Defendant does maintain a consumer collection license in the State of
Florida and has a branch office in Hillsborough County, Florida, however, none of the collection activity
occurred out of the State of Florida.").

plaintiff's assertion that the defendant regularly conducts business from that office–and

consequently no reason to doubt that the defendant "engages in substantial and not

isolated activity within this state," see Section 48.193(2), Florida Statutes, or that the

defendant's contacts with Florida are continuous and systematic.  In short, even the facts

admitted by the defendant appear to show that the defendant is subject to jurisdiction

under Florida's general jurisdiction statute, Section 48.193(2), for a claim asserted against

the defendant, "whether or not the claim arises from" the defendant's Florida activities,[2]

and that exercising personal jurisdiction over the defendant is consistent with due process

under Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408 (1984).[3]

Accordingly, the motion (Doc. 3) is **DENIED.**

ORDERED in Tampa, Florida, on September 17, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2]  See Fla. Stat. § 48.193(2) ("A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."); Woods v. Nova Cos. Belize Ltd., 739 So. 2d 617, 620 (Fla. 4th DCA 1999) ("The general jurisdiction statute does not require connexity [sic] between a defendant's activities and the cause of action.")

[3]  See Woods, 739 So. 2d at 620 (stating that because Florida courts interpret "substantial and not isolated activity" in Section 48.193(2) as "continuous and systematic general business contact" with Florida, activities sufficient to confer general jurisdiction under Section 48.193(2) also satisfy due process under traditional minimum contacts analysis); Snow v. DirecTV, Inc., 450 F.3d 1314, 1318-19 (11th Cir. 2006) ("Florida courts have held the term 'substantial and not isolated activity' used in § 48.193(2) means 'continuous and systematic general business contact' with Florida, a term used by the Supreme Court in Helicopteros to determine whether general jurisdiction was permissible under the Due Process Clause."); Ahern v. Pac. Gulf Marine, Inc.. No. 8:06-cv-2068-T-27MSS, 2008 WL 706501, *2 (M.D. Fla. Mar. 14, 2008) ("The 'substantial and not isolated activity' requirement for general jurisdiction under the Florida long-arm statute is the functional equivalent of the 'continuous and systematic contact' requirement under the Due Process Clause.").